UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY CUNNINGHAM,

    Petitioner,                                    Civil No. 2:06-12688
                                                        HONORABLE LAWRENCE P. ZATKOFF
v.                                                  UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Jerry Cunningham, ("petitioner"), presently confined at the Riverside Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for carjacking, M.C.L.A. 750.529a; failure to stop at the scene of an accident that resulted in serious impairment or death, M.C.L.A. 257.617; second-degree fleeing and eluding a police officer, M.C.L.A. 750.479a(4)(a); and operating under the influence of liquor causing injury, M.C.L.A. 257.625(5). Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner pleaded *nolo contendere* to the above charges in the Wayne County Circuit Court. Petitioner was sentenced to concurrent sentences of 13-20 years, 3-5 years, and 3-10 years in prison on October 27, 1999. Petitioner never filed a direct appeal from his conviction.

On July 12, 2004, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq*. After the trial court and the Michigan Court of Appeals denied petitioner's application for post-conviction relief, state post-conviction proceedings were concluded when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for post-conviction relief on March 27, 2006. *See People v. Cunningham,* 474 Mich. 1092; 711 N.W. 2d 364 (2006). The instant petition was signed and dated June 14, 2006. [1]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on June 14, 2006, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner was sentenced on October 27, 1999. Petitioner never filed a direct appeal from his conviction. For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). Because petitioner never appealed his conviction, the one year time period for filing his habeas petition would begin to run for petitioner after the expiration of the time limit that petitioner had under Michigan law to file the direct appeal from his conviction. *See McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Under M.C.R. 7.205(F)(3), petitioner had twelve months after his sentence to file a delayed application for leave to appeal. Petitioner's conviction therefore became final on October 27, 2000, and petitioner had until October 27, 2001 to file his petition for writ of habeas corpus with this Court unless the one year period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on July 14, 2004, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. §

2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *See Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

Petitioner contends that the limitations period should be equitably tolled because he allegedly placed a request for the appointment of appellate counsel in the prison mailbox system on October 29, 1999 to be mailed to the Wayne County Circuit Court, but never received a response from the trial court until August 21, 2003, when Judge Vonda Evans allegedly wrote petitioner and informed him that the time for filing a direct appeal from his conviction had expired and petitioner's only recourse was to file a post-conviction motion. On November 25, 2003, the trial court appointed counsel to represent petitioner in his post-conviction motion. Petitioner alleges that the trial court's alleged misplacement of his request for the appointment of appellate counsel equitably tolls the limitations period.

Petition is not entitled to equitable tolling of the limitations period. First, petitioner has

presented no evidence, other than his bare assertion, that he delivered his request for the appointment of appellate counsel to the prison mailbox for mailing to the Wayne County Circuit Court on October 29, 1999. Because there is no evidence of petitioner's alleged mailing of his notice of application for leave to appeal and request for the appointment of appellate attorney, petitioner is not entitled to equitable tolling on this basis. *See e.g. Stewart v. Robinson,* 65 Fed. Appx. 536, 537-38 (6th Cir. 2003)(habeas petitioner not entitled to equitable tolling based on claim that he had previously mailed a habeas petition to the federal court, where there was no evidence of the petitioner's alleged prior filing; petitioner's "bare assertion" that he had mailed his habeas petition to the federal district court prior to the one year limitations deadline was insufficient to show that he actually mailed the petition).

Petitioner is also not entitled to equitable tolling of the limitations period for the time that he allegedly spent attempting to ascertain the status or location of his request for the appointment of appellate counsel because all of petitioner's alleged attempts to contact the Wayne County Circuit Court are unsubstantiated, since petitioner has provided this Court virtually no evidence to show that he repeatedly attempted to ascertain the status of his case from the state trial court. *See Drew v. Department of Corrections,* 297 F. 3d 1278, 1288-89 (11th Cir. 2002). Petitioner has only referred to a single letter from Judge Evans, the sentencing judge in this case, dated August 21, 2003, which purportedly informed petitioner that his time for filing an appeal had expired and that his only recourse would be to file a post-conviction motion for relief from judgment. Petitioner has not provided this Court with his letter to Judge Evans or a copy of Judge Evans's letter to him. In any event, one letter is "plainly an insufficient evidentiary foundation" to establish diligence. *Drew,* 297 F. 3d at 1288. In addition, petitioner is not entitled to equitable tolling, because there is no

indication that petitioner took any steps other than writing letters to the Wayne County Circuit Court, such as calling that court by telephone or seeking assistance or help from relatives or friends who could have gone to the court personally to ascertain whether the request for the appointment of appellate counsel had been filed. *Id.* Thus, even if a state trial court's failure to appoint appellate counsel for a criminal defendant could provide a basis for equitable tolling of the limitations period, petitioner would not be entitled to equitable tolling on this basis in light of petitioner's failure to diligently pursue his appellate rights. *See Ellibee v. Roberts,* 122 Fed. Appx. 963, 964-65 (10th Cir. 2005). Finally, petitioner's discovery that the Wayne County Circuit Court had never received his request for the appointment of appellate counsel would not have revived the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(D), because petitioner, with reasonable diligence, could have discovered the fact that appellate counsel had not been appointed to represent him within the time period for seeking leave to appeal. *See Brooks v. McKee,* 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004)(petitioner's discovery that counsel did not file appeal of right from conviction did not restart expired limitations period for filing petition for habeas relief, since petitioner, with reasonable diligence, could have discovered that fact at the conclusion of the time period for filing a direct appeal).

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F. 3d 577, 601 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is inapplicable, in light of the fact that petitioner pleaded *nolo contendere* to the charges that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

### III.  ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).  The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


                                                 s/Lawrence P. Zatkoff_____
                                               LAWRENCE P. ZATKOFF
                                               UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 31, 2007.


                                                 s/Marie E. Verlinde_____
                                               Case Manager
                                               (810) 984-3290